(Clark County Common Pleas, 1901)
JOHN T. NORRIS v. T. J. CASPER.

The act of April 16, 1900, (94 O. L., 332, sec. 4362-9a R. S.), providing that the probate courts upon written complaint sworn to by any person, that a person engaged in the traffic in intoxicating liquors has refused or neglected to pay the "Dow" tax, shall notify such party requiring him to appear and show cause why their said business should not be assessed for such tax, is constitutional.

(For opinion of probate court see ante, 8 N. P., 316).

This action comes to this court by petition in error for review from the probate court, of Clark county, Ohio.

The action below was founded upon a complaint, in writing, verified by plaintiff in error, filed in the probate court of Clark county, Ohio, under section 4364-9a-b-c-d-e, of the Revised Statutes of Ohio, being an act passed April 16, 1900, entitled an act to supplement section 4364-9 of the Revised Statutes of Ohio, as amended February 20, 1896, relating to the trafficking in spirituous, vinous, malt, or any intoxicating liquors.

Which complaint is in these words:

"The State of Ohio, Clark county, ss. Personally appeared before me, the undersigned probate judge, in and for the county of Clark, state of Ohio, John T. Norris, who being duly sworn, deposes and says, that T. J. Casper, was on or about the 7th day of July, 1900, and from said date up to the 26th day of December, A. D., 1900, inclusive, engaged in the business of trafficking in intoxicating liquors, in the county of Clark, and in the city of Springfield, and state of Ohio. That the name of T. J. Casper does not appear on the auditor's duplicate in said county, as a person engaged in the business of trafficking in intoxicating liquors.

"That the said T. J. Casper has neglected to pay the assessment made upon his said business as prescribed by the provisions of section 4364-9, of the Revised Statutes of Ohio, as amended February 20, 1896, 92 O. L., page 34."

"Therefore this affiant now prays that the said T. J. Casper be required to appear before the judge of the probate court, of Clark county, as provided by an act of the General Assembly of the state of Ohio, passed April 16, 1900, and show cause why said business of trafficking in intoxicating liquors as aforesaid engaged and carried on by said T. J. Casper, shall not be entered upon the tax duplicate and made a lien upon the real estate in which said business is conducted in said county.

(Signed) "J. T. Norris." (properly verified.)

To this complaint a demurrer was filed, and the record shows, was sustained *solely* on the ground that said act under which the complaint was filed was unconstitutional and all other grounds of demurrer were overruled, and the court then took jurisdiction of the action and (not simply taxing costs against him as the statute provides in case the probate court finds against him) but rendered *judgment* against the plaintiff in error for the costs.

It is contended that this court has no power to review this proceeding. That the acts of the probate court were purely ministerial, discretionary with it. This court however believes that under section 6708, of the Revised Statutes which provides: "That a judgment, rendered, or final order made by a probate court * * * may be reversed, vacated or modified by the court of common pleas" that it has ample powers to review a judgment made in this proceeding and final order made therein finding an act of the General Assembly unconstitutional.

The sole question at bar as stated by the petition in error is—Did the court err in finding said act void—invalid and unconstitutional?

In consideration of this question, it is well to consider a few basic questions that have been settled by the courts, and by our own supreme court relating to the construction of statutes under the organic law.

The presumption is that every act of the legislature is constitutional.

That before an act will be declared invalid and unconstitutional, it will not be sufficient that it is *doubtful*, but it must *clearly* appear in contravention of that instrument.

An act may be constitutional in some of its parts and unconstitutional in other parts, and the parts so constitutional, if the same can be severed from those unconstitutional will be enforced.

Keeping these foundation principles in view, let it be borne in mind that all the other provisions of section 4364 of the Revised statutes and its subdivisions have been pronounced by the supreme court as standing the test of constitutionality, and this particular act and sub-division is for the first time brought before a court of review. The provisions are in fact prescribing a method of enforcing section 4364-9, which has been held to be a valid, constitutional law, adding thereto an additional penalty of $100 for having failed to return his liability under former valid laws.

[COPYRIGHT, 1901, BY CARL G. JAHN.]

It is strongly urged that the act is unconstitutional for the reason "that the same attempts to confer upon the probate court power which is absolutely executive, administrative and ministerial in its character," and the court below so found.

While the executive, legislative and judicial departments of our state government are distinct from each other and so far as any direct control and interference is concerned, are independent of each other, still the power of either department is not *absolute;* and they so dove-tail into each other that each department may be incidentally affected by the action of another department; each department is a check upon the arbitrary power of another department. And in the language of Justice Elliott, of Colorado, "the distribution of governmental powers to different departments was obviously intended as a check upon the exercise of arbitrary power by any department." And in the language of Judge Christiancy as quoted from *People* v. *Hurlbert,* 24 Mich., 44, "There is a large class of powers recognized as legislative occupying an intermediate space between those of the judicial character on the one side and the executive on the other and which are not and cannot be marked off from these by any clear line * * * It is sufficient to say that the executive, legislative and judicial powers cannot be defined at all times by a fixed standard in the abstract."

And in the language of Judge Williams of our supreme court, "it is a sound proposition that the distribution of the powers of the state by the constitution to the legislative, executive and judicial departments operates as an inhibition against the imposition upon either of those powers which distinctively belong to one of the other departments, but in classifying those powers and determinating to which class various powers created by statute exclusively or properly belong, difficulties are encountered and many nice distinctions have been made."

The constitution, section 8, article 4, grants to the probate court almost plenary jurisdiction after specifically enumerated matters of special jurisdiction. It then grants this general power" and *such other jurisdiction* as may be provided by law."

Now it will be observed that the probate court for years has been authorized by law to aid the auditor in the performance of his ministerial duties. See section 2783, Revised Statutes. This act has been unquestioned for nearly the last half century.

It invokes the aid of the judicial powers to aid the auditor in the performance of his ministerial powers.

The auditor's powers being strictly ministerial, this section clothes him with the right to invoke a judicial investigation to aid him in the performance of his ministerial dutes.

And by parity of reasoning, if the legislature can authorize the auditor to invoke judicial aid, it can also direct the judicial aid upon the filing of complaint, etc., as required by the statute to prevent fraud in the return of taxes.

The able opinion of the court below as published in the 8th Ohio Nisi Prius Reports, 316, the many authorities cited by the briefs of distinguished counsel, ·have wholly failed to convince this court that the law in question is clearly unconstitutional.

The court cannot even adopt the language of Justice Williams in the closing sentence of his opinion in the celebrated case of *The City of Zanesville* v. *The Zanesville Telegraph & Telephone Co.* 45 W. L. B., 31, 177, which seems at first to have dazed the supreme court judges, but after due deliberation stood firm on their feet and settled the validity of an act of far greater doubt than this when he said "The argument to the contrary, thorough and able as it has been at most has served to cast a doubt upon the validity of the provision, but that is not enough to justify the court in holding it unconstitutional."

In the light of the constitution,. the law granting power, and the authorities, this court cannot say that it has even a doubt as to its constitutionality.

The qustion as to the right of trial by jury and other methods of procedure, does not arise upon the record, only as it may throw light upon the question of its constitutionality, and this court is of the opinion that a jury trial is not required under the constitution to show cause why a person should not be assessed or taxed.

The judgment of the court below is reversed upon the sole ground averred in the petition in error, at costs of defendant in error. Cause remanded for further proceedings under the statute.